# Matter of R-A-M-, Respondent

*Decided January 3, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent's conviction for possession of child pornography is for a particularly serious crime under section 241(b)(3)(B)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B)(ii) (2006), based on the nature of the offense and the specific facts and circumstances of the crime.

FOR RESPONDENT: Judith A. Marty, Esquire, Fullerton, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Edward Lepkowitz, Deputy Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

MALPHRUS, Board Member:

In a decision dated March 8, 2011, an Immigration Judge found the respondent removable on his own admissions under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien present in the United States without being admitted or paroled, and granted his application for withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (2006). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent was placed in removal proceedings on July 10, 2008. Based on his claim that he was mistreated in Honduras because of his sexual orientation, he sought asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture").

While in removal proceedings, the respondent was convicted on August 5, 2010, of possession of child pornography in violation of section 311.11(a) of the California Penal Code, which makes it unlawful to knowingly possess or control any image or film that depicts a person under the age of 18 years engaging in or simulating sexual conduct, as defined in section 311.4(d).[1] The respondent was convicted of possessing videos and images depicting child pornography on two computers, and he was sentenced to 280 days of imprisonment and 3 years' probation.

At the hearing, the DHS argued that the respondent was ineligible for asylum, in part because his child pornography offense constituted an aggravated felony under section 101(a)(43)(I) of the Act, 8 U.S.C. § 1101(a)(43)(I) (2006). The DHS further claimed that the respondent was ineligible for withholding of removal because his conviction was for a particularly serious crime. The Immigration Judge denied asylum, finding that the respondent's offense was an aggravated felony, but he granted withholding of removal, holding that the respondent had not been convicted of a particularly serious crime.[2] The DHS appealed, arguing that the Immigration Judge erred in finding that the respondent's conviction was not for a particularly serious crime. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011).

## II. ANALYSIS

We conclude that the respondent's crime is an aggravated felony under section 101(a)(43)(I) of the Act because it is an offense "described in"

---

[1] Section 311.4(d)(1) of the California Penal Code defines "sexual conduct" as

> any of the following, whether actual or simulated: sexual intercourse, oral copulation, anal intercourse, anal oral copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner, whether or not any of the above conduct is performed alone or between members of the same or opposite sex or between humans and animals. An act is simulated when it gives the appearance of being sexual conduct.

[2] The respondent was also found ineligible for asylum because his application was not timely filed and he did not demonstrate changed or extraordinary circumstances that would qualify him for an exception to the filing deadline. 8 C.F.R. §§ 1208.4(a)(2), (4), (5) (2011). The respondent did not appeal the Immigration Judge's decision regarding that aspect of his claim, so this issue is waived. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 913 n.12 (9th Cir. 2009).

18 U.S.C. § 2252. *See* 18 U.S.C. § 2252(a)(4) (2006) (punishing the knowing possession of child pornography); *see also Armijo v. Mukasey*, 266 F. App'x 511 (9th Cir. 2008) (holding that a conviction for possession of child pornography under section 311.11(a) of the California Penal Code is for an offense "described in" 18 U.S.C. § 2252(a)(4)(B), which prohibits possession of visual depictions of minors engaging in sexually explicit conduct). Because the respondent was convicted of an aggravated felony, we agree that he is ineligible for asylum. *See* sections 208(b)(2)(A)(ii), (B)(i) of the Act, 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i) (2006).

We next consider the Immigration Judge's conclusion that the respondent was eligible for withholding of removal because he was not convicted of a particularly serious crime.[3] In determining, on a case by case basis, whether an offense is a particularly serious crime, *see Delgado v. Holder*, 648 F.3d 1095, 1106-07 (9th Cir. 2011), "we examine the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *Matter of N-A-M-*, 24 I&N Dec. 336, 342 (BIA 2007), *aff'd*, *N-A-M- v. Holder*, 587 F.3d 1052 (10th Cir. 2009), *cert. denied*, 131 S. Ct. 898 (2011); *see also Matter of L-S-*, 22 I&N Dec. 645, 651 (BIA 1999) (determining that "consideration of the individual facts and circumstances is appropriate"); *Matter of Q-T-M-T-*, 21 I&N Dec. 639 (BIA 1996). "[A]ll reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information, as well as other information outside the confines of a record of conviction." *Matter of N-A-M-*, 24 I&N Dec. at 342; *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 678-79 (9th Cir. 2010) (holding that it is proper to consider the respondent's testimony in a particularly serious crime determination).

On March 18, 2010, based on information received from the respondent's internet service provider, law enforcement officers executed a search warrant and seized two computers from the respondent's residence containing numerous images and videos of child pornography. During the immigration hearing, the respondent initially testified that he did not know there was child pornography on his computers, explaining that he would download adult movies on different occasions without knowing their content and without viewing most of them. However, upon the DHS's cross-examination with the police report, he later admitted that he had told police he knew that there was child pornography on his computers. He then claimed that a friend must have downloaded it from the internet without his knowledge, although he also said

---

[3] The respondent does not fall within the categorical bar to withholding of removal since his aggravated felony conviction did not involve a sentence to an aggregate term of imprisonment of at least 5 years. *See* section 241(b)(3)(B) of the Act.

that the friend only had access to one of the computers. The respondent further admitted that he pled no contest to possession of child pornography, saying he did so upon his attorney's advice. As a result of his conviction, the respondent was sentenced to 280 days in prison and 3 years of probation, and he was required to register as a sex offender. Additionally, the respondent testified that he has a long-standing alcohol and drug problem.

As an initial matter, the Immigration Judge was unpersuaded by the respondent's claim that he did not know he had child pornography on his computers. He noted that the respondent's testimony on this issue was part of "a pattern of mitigation" of his offenses, which also included convictions for indecent exposure and disorderly conduct. Relying on the respondent's sometimes inconsistent testimony, the arrest report, and the presentence report, the Immigration Judge properly concluded that the respondent knowingly downloaded, for his own use, pornographic materials depicting children. *See Matter of D-R-*, 25 I&N Dec. 445, 454-55 (BIA 2011) (explaining that an Immigration Judge may make reasonable inferences from direct and circumstantial evidence in the record as a whole and is not required to accept a respondent's account where other plausible views of the evidence are supported by the record); *see also* section 240(c)(4)(C) of the Act, 8 U.S.C. § 1229a(c)(4)(C) (2006).

However, the Immigration Judge determined that the respondent's crime, although serious, was not a particularly serious one. He first noted that the respondent's 280-day sentence was significantly less than what could have been imposed. He emphasized that the respondent downloaded images to view only for himself and that he was convicted of possession, rather than production, marketing, or distribution of child pornography. The Immigration Judge noted that the children had already been victimized before the respondent downloaded the pornographic materials. He also considered that the respondent was receiving treatment for his drug and alcohol problems and was scheduled for treatment at an inpatient facility upon his release from DHS detention. According to the Immigration Judge, there was no indication that the respondent had been violent in the past or would be violent in the future.

Considering both the nature of the crime and the individual factual circumstances of the conviction, we conclude that the respondent was convicted of a particularly serious crime. Child pornography is an intrinsically serious offense that is directly related to the sexual abuse of children. *See Matter of Olquin*, 23 I&N Dec. 896, 898 (BIA 2006) (holding that "the offense of possession of child pornography is morally reprehensible and intrinsically wrong"). Background materials submitted by the DHS at the hearing discussed the expanding problem of internet child pornography and its harmful effects on perpetrators and especially on the child victims.

We recognize that the respondent's conviction was for possession, and that he was not involved in the production or dissemination of the material. As with many other crimes, possession is not as serious as production or distribution. The fact that the respondent was convicted for possession of child pornography does not make the offense per se a particularly serious crime and does not end our review. We also consider the individual facts and circumstances surrounding the crime. *See Gao v. Holder*, 595 F.3d 549, 557 (4th Cir. 2010) (holding that the Board properly determined that while the respondent's offense was not particularly serious on its face, the respondent's conduct elevated it to that status).

Here, despite the respondent's assertions to the contrary, the Immigration Judge found that he repeatedly downloaded numerous images and videos of child pornography for his personal use. We do not agree with the Immigration Judge's determination that the offense is mitigated by the fact that the children depicted in the videos and images had already been victimized before the respondent downloaded the materials. The harm to child victims does not end with production. As we noted in *Matter of Olquin*, 23 I&N Dec. at 897, child pornography is "a permanent record of a child's abuse" and "the circulation of child pornography continues to harm the child's reputation and emotional well-being." The United States Court of Appeals for the Ninth Circuit's has also recognized that the primary victims of the distribution of child pornography are the people who are depicted in the pornographic materials and that those victims continue to suffer long into the future. *See United States v. Stevens*, 197 F.3d 1263, 1269 n.6 (9th Cir. 1999) (stating that "[a]s long as the images are in circulation, the possessors of the images continue to victimize the people depicted, whether they are seven or seventy-seven"); *see also Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("[M]aterials produced by child pornographers permanently record the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting the children in years to come.").

Although we agree with the Immigration Judge that there is no indication that the respondent had ever been violent in the past, the fact that he, personally, has never physically harmed anyone, including children, does not undermine the fact that, because of the nature of the offense, he has contributed to the sexual abuse of children by downloading child pornography for his own use. "[P]ossessing child pornography . . . fuels the demand for the creation and distribution of child pornography." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008); *see also United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005) ("[P]ossession of child pornography is not a victimless crime. A child somewhere was used to produce the images downloaded by [the defendant], in large part, because individuals like [him] exist to download the images.").

Regarding the length of the respondent's sentence, we recognize that 280 days in prison and 3 years of probation is much less than the respondent could have received. However, as the Immigration Judge also stated, 280 days was "not a light sentence." Moreover, we have explained that "the severity of the crime is not always reflected in the length of the sentence." *See Matter of N-A-M-*, 24 I&N Dec. at 344 n.8. Here, the nature of the respondent's crime is so condemnable that the length of the sentence is less significant to the analysis. Also, as a result of his conviction, the respondent was required to register as a sex offender. *See id.* at 343.

Further, the Immigration Judge's belief that the respondent would not be violent in the future is not dispositive of whether his conviction is for a particularly serious crime. As we explained in *Matter of N-A-M-*, 24 I&N Dec. at 342, it is not necessary to make a separate determination whether the alien is a danger to the community. The focus "is on the nature of the crime and not the likelihood of future serious misconduct." *Id.*; *see also Kankamalage v. INS*, 335 F.3d 858, 861 n.2 (9th Cir. 2003) ("Once . . . a finding [is made] that an offense constitutes a particularly serious crime, a separate determination of danger to the community is not required."). Also, the respondent's potential rehabilitation is not significant to the analysis. *See Matter of S-S-*, 22 I&N Dec 458, 466 (BIA 1999) (stating that the focus is on the crime of conviction, "not on any equities or other favorable discretionary factors"). Moreover, while an offense is more likely to be considered particularly serious if it is against a person, it does not have to be violent to be a particularly serious crime. *See Matter of N-A-M-*, 24 I&N Dec. at 343; *Matter of Y-L-, A-G-, & R-S-R-*, 23 I&N Dec. 270, 274 (A.G. 2002) (finding that aggravated felonies involving unlawful trafficking in controlled substances presumptively constitute "particularly serious crimes"); *see also Matter of S-V-*, 22 I&N Dec. 1306, 1308 (BIA 2000).

## III. CONCLUSION

Child pornography is, by its nature, a serious offense because it victimizes some of the most vulnerable members of society and can have life-long adverse effects. While the respondent's offense is not per se a particularly serious crime, he downloaded numerous images and videos of child pornography from the internet onto his computers for his personal use. Based on both the nature of the offense and the specific facts and circumstances of the crime, we conclude that the respondent's possession of child pornography constitutes a particularly serious crime.

Since the respondent has been convicted of a particularly serious crime, he is ineligible for withholding of removal under section 241(b)(3)(B)(ii) of the

Act.  *Matter of N-A-M-*, 24 I&N Dec. at 338-39.  Accordingly, the DHS's appeal will be sustained.  The record will be remanded for consideration of the respondent's application for protection under the Convention Against Torture.

   **ORDER:**  The appeal of the Department of Homeland Security is sustained.

   **FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.