**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EMILIO ABRAHAM BARAHONA SORIANO, | No. 12-71692 |
| Petitioner, | Agency No. A096-985-795 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 17, 2014
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

Emilio Abraham Barahona Soriano petitions for review of a Board of

Immigration Appeals (BIA) decision denying him withholding of removal and

deferral of removal under the Convention Against Torture (CAT).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We reject Barahona's claim that the BIA erred in determining that his prior state conviction was for a particularly serious crime.[1] To the extent Barahona contends that the BIA erred in assessing the facts underlying that conviction, we lack jurisdiction to consider his claims. *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). We have jurisdiction over the remainder of Barahona's arguments under 8 U.S.C. §§ 1252(a)(1), 1252(a)(2)(D).

We reject Barahona's argument that the BIA relied solely on the "police report" to the exclusion of other relevant evidence in determining that his state conviction was for a particularly serious crime. The BIA stated that it considered Barahona's "conviction record," a collection of documents including an "Abstract of [Judgment], criminal information, a verbatim transcript of the respondent's guilty plea colloquy, hospital records, and witness statements." All of those documents are "reliable information" that the BIA may consider under *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007).

Nor did the BIA err in relying on *N-A-M-* and *Matter of R-A-M-*, 25 I. & N. Dec. 657 (BIA 2012), in determining whether Barahona's conviction was for a particularly serious crime. Although neither case analyzed a crime of domestic

_____

[1]Barahona did not argue that the BIA erred by failing to identify which conviction was a particularly serious crime in his opening brief, and therefore he waived the issue. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

violence, each was a precedential decision articulating the general standard for evaluating whether a prior offense was a particularly serious crime, and the BIA correctly applied this framework. *See* 8 C.F.R. § 1003.1(g) (explaining the precedential effect of designated BIA opinions). The BIA did not rely on *In re S-V-*, 22 I. & N. Dec. 1306 (BIA 2000), and so we need not consider it here. *See Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009).

The BIA's rejection of Barahona's CAT claim was supported by substantial evidence in the record, including the country report, which recounted the Salvadoran government's efforts to protect homosexuals from discrimination. The BIA did not err in rejecting Barahona's CAT claim on the grounds that there was insufficient evidence of government acquiescence in torture and that Barahona had not demonstrated that he personally was more likely than not to be tortured. The record does not compel a contrary conclusion, because Barahona did not establish either "the likelihood that any one member of [the LGBT community] will be *tortured*—as opposed to being persecuted or discriminated against," *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013), or that the police refuse to investigate or prosecute crimes against homosexuals.

Finally, Barahona's due process claim fails because the record demonstrates that Barahona received "a full and fair opportunity to be represented by counsel, to

prepare an application for [asylum or other] relief, and to present testimony and other evidence in support of the application," which is all that due process requires. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007). Nothing in the record indicates that the BIA or Immigration Judge (IJ) improperly prejudged Barahona's CAT claim or failed to consider the lengthy written expert declaration he submitted regarding violent incidents against gays in El Salvador, nor could his counsel articulate any way in which the expert's oral testimony would have added to the written declaration that the IJ admittedly considered in detail. *Cf. Zolotukhin v. Gonzales*, 417 F.3d 1073, 1075–77 (9th Cir. 2005); *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1057 (9th Cir. 2005).

**DISMISSED IN PART; DENIED IN PART.**