**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAI KWONG NG, | No. 12-70594 |
| Petitioner, | Agency No. A036-848-721 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Petitioner Wai Kwong Ng, a lawful permanent resident of the United States,

native of Hong Kong, and citizen of the People's Republic of China, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 to consider Ng's claim that the agency erred in its determination that he was ineligible for withholding of removal on the basis of his commission of a particularly serious crime, and we review the agency's determination for abuse of discretion. *See Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012) (per curiam). We deny the petition for review.

The BIA did not abuse its discretion in concluding that Ng was ineligible for withholding of removal. The BIA determined that Ng was ineligible under the Immigration and Nationality Act and the Convention Against Torture because of his conviction of a particularly serious crime, in this case second degree robbery, a felony under California Penal Code § 211.

To determine whether a criminal conviction qualifies as a particularly serious crime, the agency considers "the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction." *In re R-A-M-*, 25 I. & N. Dec. 657, 659 (BIA 2012) (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007) (internal quotation marks omitted)). The BIA considered the statutory elements of the offense and specific conduct Ng engaged in to reach the conclusion that he committed a particularly serious crime and was therefore ineligible for withholding of removal. Here, the IJ and BIA concluded

that Ng's offense, a robbery of an elderly, blind, quadriplegic person in a wheelchair, was a particularly serious crime. The BIA specifically considered Ng's mental health when it found him ineligible for withholding of removal, and determined it did not mitigate the underlying facts and other circumstances of his offense. The BIA provided a well-reasoned justification for denying Ng's petition for withholding of removal and did not act arbitrarily, irrationally, or contrary to law.

**PETITION DENIED.**