**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MANUEL TORRES, | No. 13-70742 |
| Petitioner, | Agency No. A036-899-776 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2015[**]
Pasadena, California

Before: FISHER, BYBEE, and BEA, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here.  Petitioner Juan Manuel Torres petitions for review of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the BIA's affirmance of an IJ's denial of asylum,[1] withholding of removal under

the Immigration and Nationality Act, withholding of removal under the

Convention Against Torture (CAT), and deferral of removal under the CAT. "We

review factual findings of the BIA for substantial evidence," and we will uphold

such findings "unless the evidence compels a contrary result." *Gallegos-Vasquez*

*v. Holder*, 636 F.3d 1181, 1184 (9th Cir. 2011). We dismiss the petition in part

and deny it in part.

With respect to Torres's claim that the IJ and BIA erred in determining that

his child pornography conviction constituted a "particularly serious crime," we

have jurisdiction to address questions of law but not the agency's discretionary

weighing of the relevant factors. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Pechenkov v.*

*Holder*, 705 F.3d 444, 447–48 (9th Cir. 2012). We thus reject on the merits

Torres's claim that the agency committed legal error by failing to consider the

factors set out in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982), and *In*

*re Y-L-*, 23 I. & N. Dec. 270, 276–77 (A.G. 2002). Although the BIA did not

specifically mention the *Frentescu* factors, it cited and relied on *In re R-A-M-*, 25 I.

---

[1]Torres does not contest the IJ's finding that he committed an aggravated felony and is therefore ineligible for asylum under 8 U.S.C. § 1252(a)(2)(C); he merely argues that his aggravated felony conviction did not constitute a particularly serious crime, a sufficient finding to disqualify him from withholding of removal relief.

2

& N. Dec. 657 (BIA 2012), which did rely on those factors. *See R-A-M-*, 25 I. & N. Dec. at 659. Furthermore, "[w]here, as here, the BIA's order indicates that it may have engaged in *de novo* review of the IJ's decision but does not provide any legal analysis, we review the IJ's oral decision as a guide to what lay behind the BIA's conclusions." *Bromfield v. Mukasey*, 543 F.3d 1071, 1076 (9th Cir. 2008) (alteration and internal quotation marks omitted). Here, the IJ recognized and applied the *Frentescu* factors. Torres's reliance on *In re Y-L-* is also without merit. *In re Y-L-* applies to controlled substances offenses, not child pornography offenses; the *Y-L-* factors therefore do not apply here. *See Y-L-*, 23 I. & N. Dec. at 276.

We dismiss for lack of jurisdiction Torres's claim that the IJ or the BIA misapplied or mis-weighed the *Frentescu* factors. *See Pechenkov*, 705 F.3d at 447–48 (holding that where petitioner claimed only that the IJ "incorrectly assessed the facts," the petitioner had "not raised a constitutional or legal question in relation to the 'particularly serious crime' determination" and instead, had simply asked "for a re-weighing of the factors involved in that discretionary determination"). The weighing of these factors is a "discretionary determination" for the agency to make. *See id.* at 448.

Torres also argues that the BIA erred in denying deferral under the CAT, but we deny his petition for review of this claim because the evidence does not compel a contrary conclusion.[2] *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). Torres presented only "generalized evidence" of violence and crime in Mexico, which was "not particular to him." Moreover, neither he nor any of his witnesses had first-hand knowledge about who killed his relatives or why they were killed. Torres's claims that he more likely than not would be tortured are thus speculative. The 2010 Country Report further supports the BIA's denial of deferral of removal under the CAT because it indicated that the government of Mexico has made significant progress in stopping torture within its borders. Torres's petition for review of the BIA's denial of withholding of removal and relief under the CAT is therefore denied.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2]The government argues that 8 U.S.C. § 1252(a)(2)(C) also bars our jurisdiction of Torres's CAT claim. We disagree because in denying relief under the CAT, the BIA considered the merits and did not rely on Torres's prior conviction. *Brezilien v. Holder*, 569 F.3d 403, 410 (9th Cir. 2009) (holding that "as to factual issues, when an IJ does not rely on an alien's conviction in denying CAT relief and instead denies relief on the merits, none of the jurisdiction-stripping provisions . . . apply to divest this court of jurisdiction" (ellipsis in original) (internal quotation marks omitted)).