**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2143
_____

PETER MWANGI KARIUKI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-255-661)
Immigration Judge: Honorable Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 11, 2016

Before: McKEE, *Chief Judge*, AMBRO and SCIRICA, *Circuit Judges*.

(Filed: February 25, 2016)
_____

OPINION*
_____

MCKEE, *Chief Judge*.

Peter Kariuki petitions for review of a Board of Immigration Appeals order

affirming the Immigration Judge's denial of his request for asylum pursuant to 8 U.S.C.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

§ 1158, withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), and the Convention Against Torture ("CAT"). For the following reasons, we will dismiss the petition for review.

I.

Kariuki applied for asylum and related relief, claiming that he feared persecution in Kenya due to his membership in the Kikuyu tribe. He also alleged fear of being forced to join the Mungiki, a Kikuyu retaliation gang. [A.R. 350] Kariuki acted pro se when he submitted his initial application, but he has been represented by counsel since 2008, when proceedings began before the Immigration Judge.

The IJ denied relief and Kariuki appealed to the BIA, claiming that the IJ had erred by finding no past persecution. The BIA found that the IJ had not addressed some of Kariuki's claims of past persecution, including an ambiguous affidavit in support of his asylum claim, which the BIA construed, inter alia, as alleging that Kariuki's house had been burned down during the 1990s. [A.R. 248] The BIA remanded so that the IJ could address his claim of past persecution. On remand, Kariuki testified that his house had been burned in 2007,[1] while he was in the United States, and not during the early 1990s (the period addressed in his affidavit), although many other houses had been burned then. [A.R. 166-18, 123-24] The IJ found that none of Kariuki's testimony on remand was credible based on this inconsistency as well as his failure to corroborate his

---

[1] Kariuki's sister submitted an affidavit saying that she witnessed homes burning in 2007, but the affidavit did not say that her family's home was burned.

testimony or to explain why he had not previously mentioned the burning of his home. [A.R 65-66]

Because Kariuki's testimony was not credible, and because Kariuki failed to present evidence indicating that the harms he and his family suffered were caused by anything other than general civil unrest, the IJ denied Kariuki's claims for asylum and withholding of removal. On appeal, the BIA found no clear error in the IJ's adverse credibility finding and affirmed the IJ's rejection of Kariuki's claim for relief based on past persecution as well as Kariuki's assertion of a well-founded fear of future persecution.[2] [A.R 4] This petition or review followed.

## II.[3]

We may decline to uphold the BIA's findings only if the evidence compels a contrary conclusion.[4] We review the IJ's adverse credibility determinations to determine if they are supported by substantial evidence.[5] "[A]dverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible."[6]

To obtain asylum, Kariuki must show that he is "unwilling or unable to return to his home country because of '[past] persecution or [a] well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social

---

[2] The IJ also denied Kariuki's request for protection under the CAT. 8 C.F.R. §§ 1208.16(c)-1208.18. Kariuki did not raise any allegation of error on appeal concerning the denial of this claim, and the BIA properly concluded that his CAT claim had been waived. *See Matter of R-A-M-*, 25 I&N Dec.657, 658 n.2 (BIA 2012).

[3] The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3). This Court has jurisdiction pursuant to 8 U.S.C. § 1252(a).

[4] *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992); *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

[5] *Xie v. Ashcroft*, 359 F.3d 239, 243 (3d Cir. 2004).

[6] *Dia*, 353 F.3d at 249 (quotation marks and citation omitted).

group, or political opinion.'"[7] A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution.[8] Persecution does not include harm arising out of civil strife or anarchy, or general civil disturbances.[9]

Kariuki acknowledges that the IJ and the BIA found that the harms he suffered resulted from mere civil unrest as opposed to persecution on the basis of his tribal status, yet his brief offers only conclusory statements, unsupported by legal authority, that the harms he suffered amount to persecution. This is simply not sufficient. Given our deferential standard of review, it is clear that Kariuki has not established past persecution.[10]

Kariuki's claim of a reasonable fear of future persecution is no stronger. To obtain relief, Kariuki must demonstrate both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution.[11] The subjective prong requires a showing that the fear is genuine.[12] The objective prong requires ascertaining whether a reasonable person in the petitioner's circumstances would fear persecution if returned to a given country.[13] Moreover, because Kariuki has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution.[14]

Here, Kariuki's proffered fear is contradicted by the record. The United States Department of State Country Reports, establish that the Mungiki primarily recruit young

---

[7] *Chavarria v. Gonzalez*, 446 F.3d 508, 515-16 (3d Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)(A)).

[8] 8 C.F.R. § 1208.13(b)(1).

[9] *See Konan v. Att'y Gen.*, 432 F.3d 497, 506 (3d Cir.2005); *Matter of Acosta*, 19 I&N Dec. 211, 222-23.

[10] *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992); *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

[11] *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–31 (1987).

[12] *See Guo v. Ashcroft*, 386 F.3d 556, 564-65 (3d Cir. 2004), *as amended* (Dec. 3, 2004).

[13] *Chang v. INS*, 119 F.3d 1055, 1065 (3d Cir. 1997).

[14] *See* 8 C.F.R. §§ 1208.13(b)(1), (2)(i).

boys (Kariuki was 33 in 2012), that the Kenayan government has banned the Mungiki, and that the government actively attempts to apprehend gang members and limit the Mungiki's influence. Leaving aside the question of Kariuki's subjective fears, we find no substantial evidence indicating that a reasonable person in his position would fear persecution, either because he "would be individually singled out for persecution" or because "there is a pattern or practice in his home country of persecution" against a group he belongs to.[15] Kariuki has therefore failed to establish a well-founded fear of future persecution.

Finally, Kariuki challenge's the IJ's rejection of his 2012 testimony. Because Kariuki filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply.[16] Under the REAL ID Act, credibility determinations may be based on, among other things, "the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account . . . the internal consistency of each such statement, the consistency of [written and oral] statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements."[17]

Here, the IJ found Kariuki's testimony on remand not credible based in part on Kariuki's prior failure to testify that his family's house was burned, either in the 1990s or in 2007. She also found that none of Kariuki's supporting evidence supported his claim that his family's home had ever burned. When Kariuki first appeared before the IJ three

---

[15] *Sioe Tjen Wong v. Att'y Gen.*, 539 F.3d 225, 232 (3d Cir. 2008); (internal quotations omitted) (abrogated on other grounds); *see also Camara v. Att'y Gen.*, 580 F.3d 196, 202 (3d Cir. 2009).
[16] *See Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir. 2007).
[17] 8 U.S.C. § 1158(b)(1)(B)(iii).

years earlier, he testified to numerous homes being burned during periods of unrest, but he did not say that his house had been burned. This is clearly a significant omission and the IJ properly concluded that it undermined Kariuki's credibility. Moreover, as the IJ concluded, Kariuki's testimony conflicted with the evidence concerning country conditions.

III.

For the foregoing reasons, we will dismiss Kariuki's petition for review.[18]

---

[18] To the extent that Kariuki may have preserved his claim for withholding of removal, we need not consider it because that standard is even stricter than the standard for asylum. Since his asylum claim lacks merit, any attempt to obtain withholding of removal must necessarily fail. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003) (citing *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991)).