NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2017
Decided January 4, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-1797

| | |
|---|---|
| HAIYAN CHEN, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A089-283-398 |
| JEFFERSON B. SESSIONS III, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Haiyan Chen, a citizen of China, seeks review of an immigration judge's denial of her asylum application as untimely. But Chen did not raise this argument before the Board of Immigration Appeals, and by not doing so, she failed to exhaust her administrative remedies. We therefore deny her petition for review.

Chen, who is from China's Fujian Province, was smuggled into the United States in 2004 and settled in Chicago with her husband. She has since had two children, a son in 2004 and a daughter in 2009. In 2010 the Department of Homeland Security initiated removal proceedings against Chen following her arrest at a casino. At an initial hearing

before an IJ, she conceded that she was present in the United States without being admitted or paroled, *see* 8 U.S.C. § 1182(a)(6)(A)(i), but she applied for asylum, withholding of removal, and protection under the Convention Against Torture.

At a hearing in 2014, Chen clarified that she was afraid to return to China because she feared she would be persecuted for practicing Falun Gong and violating China's one-child policy. Early in the proceedings, the IJ expressed misgivings that Chen's application for asylum could be timely because she had not applied within one year of her arrival, and he did not believe that she could demonstrate any changed or extraordinary circumstances to excuse the delay. The IJ went on to observe that given her lack of any criminal history and the fact that her two children were born in the United States, this case might fall within the Attorney General's discretion and proposed that the government administratively close the case. The IJ then continued the hearing so that Chen could obtain additional evidence to excuse her untimely asylum application.

At the next hearing in May 2016, Chen reiterated that she feared returning to China because the government would forcibly sterilize her and fine her steeply for having two children. The IJ observed that she had not produced evidence showing that she would face economic persecution if she returned to China. Chen's counsel directed the IJ to our decision in *Chen v. Holder*, 715 F.3d 207 (7th Cir. 2013), which identified possible economic consequences that a violator of the one-child policy might face if returned to China. But the IJ emphasized that he did not have any evidence about Chen's particular economic circumstances. He again recommended that her case be closed "without a final—without a negative decision," adding that her case was "low priority" for the government, that she had given birth to two children in the United States, and that the government had yet to remove her out-of-status husband. But Chen insisted that she wanted her case resolved, so the IJ continued the hearing for counsel to submit evidence of any harm Chen likely would face if returned to Fujian.

The next hearing took place in July 2016, and the IJ pressed Chen to clarify her argument about the one-year timeliness issue. Her counsel asserted that Chen's filing should be treated as timely because she applied within two years of the birth of her second child in 2009. The IJ rejected this argument and denied Chen's asylum application as untimely because she did not fall within any exception to the one-year time bar. *See* 8 U.S.C. § 1158(a)(2)(D). The IJ also concluded that Chen's evidence did not meet the higher standard for withholding of removal or establish that it was more likely than not that she would be tortured if forced to return to China.

Chen appealed to the Board and submitted a brief addressing the merits of her asylum application but saying nothing about the IJ's ruling that her application was untimely. Rather, she argued that the IJ erroneously denied her asylum application by concluding that there was no risk that she would be persecuted for practicing Falun Gong. She also contended that the IJ improperly denied her asylum application because the IJ failed to address whether she had a well-founded fear of future persecution based on her political opinion and opposition to China's one-child policy. To support her contention that authorities in Fujian had stepped up enforcement of the one-child policy, she pointed to several recent decisions of this court overturning the denial of asylum applications from petitioners who came from that province. *See Zheng v. Holder*, 722 F.3d 986 (7th Cir. 2013); *Chen*, 715 F.3d 207; *Ni v. Holder*, 715 F.3d 620 (7th Cir. 2013).

The Board dismissed Chen's appeal. Regarding her request for asylum, the Board stated in a footnote that she had not "meaningfully challenged" and thereby waived any argument that the IJ wrongly denied her application as untimely. The Board then gave two reasons for upholding the IJ's denial of her application for withholding. First, Chen also had not meaningfully challenged the IJ's adverse credibility finding, and without credible testimony she could not establish a claim based on her practice of Falun Gong. Second, the Board agreed with the IJ that Chen had not provided sufficient evidence to demonstrate that if returned to China, she was likely to suffer persecution based on the birth of her two children in this country. Finally, the Board concluded that Chen also had waived any challenge based on the Convention Against Torture.

On appeal Chen focuses on a single issue: the Board's determination that she waived any challenge to the IJ's ruling that her asylum application was not timely filed. She insists that the authority relied upon by the Board to support its waiver analysis—a footnote in one of its precedential opinions, *In re R-A-M-*, 25 I. & N. Dec. 657 (BIA 2012)—is "standard-less." That footnote reads:

> The respondent was also found ineligible for asylum because his application was not timely filed and he did not demonstrate changed or extraordinary circumstances that would qualify him for an exception to the filing deadline. 8 C.F.R. § 1208.4(a)(2), (4), (5) (2011). The respondent did not appeal the Immigration Judge's decision regarding that aspect of his claim, so this issue is waived. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 913 n.12 (9th Cir. 2009).

*R-A-M-*, 25 I. & N. Dec. at 658 n.2.

Chen is mistaken: The Board's waiver analysis was sound. There is nothing unusual about the conclusion in *R-A-M-* that a petitioner waives any challenge to the denial of an untimely asylum application by not raising the issue before the Board. Any argument not raised in the petitioner's brief is waived. *See Halim v. Holder*, 755 F.3d 506, 511 (7th Cir. 2014); *Tian v. Holder*, 745 F.3d 822, 827 (7th Cir. 2014); *In re Cervantes-Gonzalez*, 22 I. & N. Dec. 560, 561 n.1 (BIA 1999); *In re Edwards*, 20 I. & N. Dec. 191, 196–97 n.4 (BIA 1990).

Chen also argues that she sufficiently raised a challenge to the IJ's untimeliness ruling based on a single sentence plucked from the section of her brief pertaining to her claim that she feared persecution based on opposition to the one-child policy. She quotes this language from her brief to the Board: "The IJ clearly erred in failing to address whether [r]espondent has a well-founded fear of future persecution on account of her political opinion and opposition to China's coercive family planning policy based on this change in caselaw."

That single sentence is not enough to exhaust administrative remedies. Chen's brief to the Board is utterly silent about the IJ's ruling that her asylum application was not timely filed and that no exception excused her late filing. By failing to give the Board and the government an opportunity to address her eligibility for any of the exceptions to the one-year filing requirement, she waived any such argument. *See* § 1158(a)(2)(D); 8 U.S.C. § 1252(d)(1); *Perez-Fuentes v. Lynch*, 842 F.3d 506, 511–12 (7th Cir. 2016).

Because Chen did not exhaust her administrative remedies, we DENY the petition for review.