**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO C. FLORES, AKA Crazy Diablo, AKA Julio Flores, AKA Little Diablo Flores, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-73033 <br><br> Agency No. A070-715-159 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
Pasadena, California

Before: SILER,[***] HURWITZ, and COLLINS, Circuit Judges.

Julio Cesar Flores, Jr., a native and citizen of El Salvador and lawful

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

permanent resident of the United States, was placed in removal proceedings after a 2018 conviction. Flores conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). An Immigration Judge ("IJ") denied asylum and withholding but granted CAT protection, finding it more likely than not that Flores would be tortured if removed because of his tattoos. The Department of Homeland Security ("DHS") appealed to the Board of Immigration Appeals ("BIA"), which reversed, finding the IJ's factual findings "speculative and therefore clearly erroneous." Flores has petitioned for review of the BIA decision. We deny the petition in part and dismiss it in part.

1.      Flores's opening brief does not directly challenge the BIA's dispositive holding that he had not established that it is more likely than not that he would be tortured with government participation or acquiescence if returned to El Salvador. Nor does Flores challenge the BIA's determination that the IJ's factual finding to the contrary was clearly erroneous. Rather, in language that appears to have been lifted from another brief, Flores argues that the BIA erred in a relocation decision. The BIA made no such decision. Thus, we could find that Flores effectively has forfeited any challenge to the BIA's denial of CAT relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). But, we exercise our discretion to address this issue "because the government briefed it, and thus suffers no prejudice from

[Flores's] failure to properly raise the issue." *See Singh v. Ashcroft*, 361 F.3d 1152, 1157 n.3 (9th Cir. 2004).

On the merits, the record does not compel the conclusion that it was more likely than not that Flores would be tortured with government participation or acquiescence if returned to El Salvador. *See Medina-Rodriguez v. Barr*, 979 F.3d 738, 744, 749-50 (9th Cir. 2020); *Ridore v. Holder*, 696 F.3d 907, 915 (9th Cir. 2012); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Flores claims his tattoos will make him a target of gangs, vigilantes, and police, that this will result in torture, and that the government will acquiesce. But, substantial evidence supports the conclusion that the tattoos would not result in Flores being tortured in El Salvador. Although the BIA acknowledged that some of the tattoos could be perceived as "gang-related," the BIA also noted that Flores stated that he had never been a gang member, that he expressed an interest in removing some of his tattoos, and that he could wear clothing to cover most of them. The BIA also properly concluded that Flores's generalized evidence of corruption did not establish that authorities in El Salvador would acquiesce in the torture of him by others or that they would have a specific intent to torture him.

2. This Court lacks jurisdiction over Flores's petition to the extent it attacks the denial of his claims for asylum and withholding of removal. "A court may review a final order of removal only if . . . the alien has exhausted all

3

administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Parties appealing an IJ decision are required to file a Notice of Appeal with the BIA that "must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." 8 C.F.R. § 1003.3(b); *see also Matter of R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012); *Matter of G-A-*, 23 I. & N. Dec. 366, 367 n.1 (BIA 2002).

Flores did not appeal the rejection of his withholding or asylum claims to the BIA; the only notice of appeal, which challenged the IJ's grant of CAT relief, was filed by DHS. Although Flores attempted to attack the denial of asylum and withholding in an answering brief submitted to the BIA, the agency appropriately held that the claims were "not properly before us and will not be addressed because the respondent has not filed an appeal of the Immigration Judge's decision."

3. Flores's argument that the IJ lacked jurisdiction because of a deficient notice to appear is foreclosed by Circuit precedent, as a notice of hearing containing the required information was subsequently served. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 894-95 (9th Cir. 2020).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

4