NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALBERTO MORALES SANDOVAL, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1163 <br><br> Agency No. A206-876-656 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 22, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Petitioner Jorge Alberto Morales Sandoval, a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' (BIA) order

dismissing his appeal from an Immigration Judge's (IJ) decision denying asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and provided its own reasoning, we review both the IJ's and BIA's decisions. *Rudnitskyy v. Garland*, 82 F.4th 742, 746 (9th Cir. 2023). Reviewing legal conclusions de novo and factual findings for substantial evidence, *id.*, we deny the petition.

1. To the extent Morales Sandoval argues he is entitled to asylum, his claim is foreclosed by his failure to challenge the BIA's conclusion that he waived any argument concerning the timeliness of his asylum application. *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 913 n.12 (9th Cir. 2009) (en banc); *Matter of R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012).

2. To be eligible for withholding of removal, a petitioner must establish a clear probability of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021). Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Id.* at 1060 (citation omitted). In *Sharma*, we identified a non-exhaustive list of factors to guide our assessment of whether the cumulative effect of incidents a petitioner has suffered rises to the level of persecution. *Id.* at 1061–63. Here, applying those factors, we conclude that Morales Sandoval has not shown error in the BIA's conclusion that

he did not establish past persecution. Morales Sandoval was kicked in the stomach once and did not suffer any injuries requiring medical treatment. The threat from Perez was also an isolated incident and did not inflict any actual suffering or harm. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021). Moreover, Perez did not harm Morales Sandoval's family and Morales Sandoval was unaware of any harm to other political workers for Gran Alianza por la Liberacion Nacional (GANA).

As for future persecution, Morales Sandoval does not argue that, in the absence of a rebuttable presumption of future persecution, he has demonstrated a clear probability of future persecution, 8 C.F.R. § 1208.16(b)(2). *See Al-Harbi v. INS*, 242 F.3d 882, 888–90 (9th Cir. 2001). But even if he did, substantial evidence supports the BIA's conclusion that Morales Sandoval did not establish that persecution would be committed "by forces that the government was unable or unwilling to control." *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Here, Morales Sandoval told the police that Perez kicked him, and they told him they would investigate the incident. Because Morales Sandoval left El Salvador shortly after making the report, the record does not compel the conclusion that police were unable or unwilling to protect him. *See Truong v. Holder*, 613 F.3d 938, 941–42 (9th Cir. 2010) (per curiam). Moreover, GANA won local

elections shortly after Morales Sandoval left El Salvador, and nothing suggests the government is presently unable or unwilling to control persecution of GANA members.

3.  Substantial evidence also supports the BIA's conclusion that Morales Sandoval did not establish that he would more likely than not suffer torture if returned to El Salvador.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).  Morales Sandoval had two isolated incidents with Perez, but they did not rise "to the level of torture, which is reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (citing 8 C.F.R. § 1208.18(a)).  Further, almost ten years have passed since Perez last interacted with Morales Sandoval, and no evidence suggests that Perez remains interested in harming Morales Sandoval.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal shall remain in effect until issuance of the mandate.  The motion for stay of removal is otherwise denied.