NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EBIA SANTIAGA CUA GARCIA DE ELIAS; FERNANDO NEHEMIAS ELIAS-CUA; DANNA MARTINA ELIAS-CUA; SOFIA NAYELI ELIAS-CUA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1447

Agency Nos.
A241-848-921
A241-848-922
A241-848-923
A241-848-924

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2025[**]
Pasadena, California

Before: GRABER, TALLMAN, and BUMATAY, Circuit Judges.

Lead Petitioner Ebia Santiaga Cua Garcia de Elias and her three minor

children are natives and citizens of Guatemala. They timely seek review of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

decision of the Board of Immigration Appeals ("BIA"), dismissing their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review factual determinations for substantial evidence, meaning that we will not overturn a finding unless the evidence compels a contrary conclusion. Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir. 2000). We deny the petition.

1. Petitioners do not challenge the agency's finding that the unknown gang member who threatened and extorted Lead Petitioner was motivated solely by financial gain, so we do not reach that issue. See Matter of R-A-M-, 25 I&N Dec. 657, 658 n.2 (BIA 2012) ("The respondent did not appeal the Immigration Judge's decision regarding that aspect of his claim, so this issue is waived."); see also Marmolejo–Campos v. Holder, 558 F.3d 903, 913 n.12 (9th Cir. 2009) (en banc) ("[Petitioner] did not appeal that portion of the BIA's decision, thus waiving any challenge to its validity."). Thus, because nexus is lacking, we need not decide whether the proposed particular social group is cognizable or whether Lead Petitioner experienced persecution within the meaning of the statute. Rodriguez-Zuniga v. Garland, 69 F.4th 1012, 1016 (9th Cir. 2023).

2. Petitioners' opening brief does not contain any specific, reasoned argument challenging the denial of CAT relief or challenging the BIA's denial of

Petitioners' motion to remand.  We therefore deem those issues to be abandoned. Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

3.  Petitioners argue that they were prevented from presenting their case before the IJ, but they did not make that argument to the BIA.  Although their failure to exhaust this due process claim is not jurisdictional, the exhaustion requirement is mandatory when, as here, the government has properly raised the issue.  Suate-Orellana v. Garland, 101 F.4th 624, 629 (9th Cir. 2024). Accordingly, we do not consider this argument.

**PETITION DENIED.**