NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA MARIA MATEO MATEO; LAURA FLORES FRANCISCO MATEO; MATEO GONZALEZ FRANCISCO MATEO,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-7789<br><br>Agency Nos.<br>A208-306-512<br>A208-306-513<br>A208-306-514<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025[**]
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Rosa Maria Mateo Mateo ("Mateo") and her two minor children (together

"Petitioners"), natives and citizens of Guatemala, petition for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing their appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

We review legal conclusions de novo and factual findings for substantial evidence. *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020). Substantial evidence is an extremely deferential standard, requiring the petitioner to "establish that the evidence not only *supports* that conclusion, but *compels* it." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (citation omitted). We have applied both the substantial evidence and de novo standards of review to determinations that past harm did not rise to the level of persecution. *See, e.g.*, *Singh v. Garland*, 57 F.4th 643, 651-52 (9th Cir. 2023) (as amended) (acknowledging this court's precedent has applied both the substantial evidence and de novo standards of review to the BIA's determination that past harm rises to the level of persecution). In this case, however, we need not and do not decide which standard applies because under either standard, the result would be the same.

Here, the BIA reached two issues, (1) whether Mateo was a member of her alleged particular social group and (2) whether the alleged harm constituted persecution.[1] We focus our review on those issues reached by the BIA. *Santiago-*

---

[1] The BIA also incorporated its prior June 17, 2020, decision denying relief under the CAT into the decision currently before us. Because, as discussed later in this disposition, the BIA did not err in finding that the alleged harm did not

*Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)); *see also Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board.").

1. The BIA held that Mateo failed to challenge the IJ's determination that she was not a member of her proposed social group and thus forfeited any argument challenging that determination. Here, Petitioners do not challenge the BIA's forfeiture determination in their opening brief. Thus, there are two distinct, but related instances of forfeiture in this appeal. First, by failing to challenge the IJ's determination that Mateo was not a member of her proposed social group to the BIA, Petitioners forfeited any challenge to the IJ's determination. *See In re R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012) (explaining that arguments not raised on appeal to the BIA may be deemed forfeited). Second, by failing to challenge the BIA's determination of forfeiture in their opening brief before this court, Petitioners forfeited any argument challenging the BIA's determination. *See Bolin v. Davis*, 13 F.4th 797, 809 n.4 (9th Cir. 2021) ("By not raising these

---

constitute persecution, the BIA necessarily did not err in finding that the alleged harm did not constitute torture. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (noting torture is more severe than persecution). The BIA thus properly denied Petitioners' CAT claim. *See* 8 C.F.R. § 1208.16(c)(2) (petitioners must establish that "it is more likely than not that [they] would be tortured if removed").

arguments in his opening brief, [Appellant] has forfeited them."). Petitioners have thus doubly-forfeited any challenge to this dispositive issue.

2. Petitioners allege persecution based on "credible and repeated" death threats made by Mateo's father-in-law. The BIA held that these threats did not rise to the level of persecution. We have found that death threats alone can constitute persecution. *Kaur v. Wilkinson*, 986 F.3d 1216, 1227 (9th Cir. 2021). "We generally look at all of the surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). However, "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution . . . ." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution.").

The record here demonstrates that Mateo's father-in-law threatened to kill her and her children three times, in 2008, 2012, and 2015. At no point, however, did Mateo or her children suffer any actual harm and at no point were the threats accompanied by violent conduct toward her or the children. Indeed, there is no evidence in the record that Mateo's father-in-law engaged in any conduct or behavior furthering the alleged threats in the seven-year period between 2008 and 2015. Accordingly, substantial evidence supports the BIA's determination that the

threats did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats "constitute harassment rather than persecution").

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The temporary stay of removal (**Dkt. No. 3**) will dissolve upon the issuance of the mandate. The motion for a stay of removal (*id.*) is otherwise denied.

24-7789