UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-1335

JONATHAN CRUZALDOVINOS, a/k/a Jonathan Cruz, a/k/a Jonathan
Cruz-Baldovinos,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  September 10, 2013      Decided:  September 12, 2013

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Rion Latimore, LATIMORE ESQ. LLC, Cincinnati, Ohio, for
Petitioner.    Stuart  F.  Delery,  Acting  Assistant  Attorney
General, David V. Bernal, Assistant Director, Jesse M. Bless,
Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Cruzaldovinos, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("Board") order sustaining in part and dismissing in part his appeal from the immigration judge's order of removal. Cruzaldovinos was charged with two grounds of removability: (1) for having been convicted of an aggravated felony theft offense; and (2) for having been convicted of two crimes involving moral turpitude that did not arise out of a single scheme of misconduct and for which he was sentenced to more than one year of imprisonment. See 8 U.S.C. § 1227(a)(2)(A)(ii), (iii) (2006). The immigration judge sustained both charges.

On appeal, the Board concluded that the Department of Homeland Security had not satisfied its burden of proving that Cruzaldovinos had a qualifying aggravated felony conviction and thus held that he was not removable on that basis. The Board, however, affirmed the finding that Cruzaldovinos was removable for having sustained two felony convictions for crimes involving moral turpitude. The Board also rejected Cruzaldovinos' request for a remand for further proceedings pertaining to his eligibility for cancellation of removal.

Cruzaldovinos does not dispute the immigration judge's finding, affirmed by the Board, that he was convicted of two crimes involving moral turpitude, and thus that he is removable

2

under 8 U.S.C. § 1227(a)(2)(A)(ii). Instead, Cruzaldovinos asserts a three-prong challenge to the Board's denial of his request for remand. Specifically, Cruzaldovinos claims that, in declining to remand his case, the Board (1) abused its discretion; (2) acted ultra vires by impermissibly engaging in fact-finding on the appellate level; and (3) violated his due process rights. For the reasons that follow, we reject these arguments and deny the petition for review.

In conjunction with his administrative appeal of the order of removal, Cruzaldovinos also sought remand to allow him to pursue a yet-unfiled application for cancellation of removal. Given that Cruzaldovinos indicated his intent to pursue a new claim for relief from removal, the remand request is more accurately viewed as a motion to reopen. See Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005). We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2013); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009).

The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). We have recognized three

3

independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a *prima facie* case for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). This court will reverse a denial of a motion to reopen "only if it is arbitrary, irrational, or contrary to law." Mosere, 552 F.3d at 400 (internal quotation marks omitted).

Cruzaldovinos, a lawful permanent resident ("LPR"), sought reopening in order to pursue the relief of cancellation of removal. The Attorney General may cancel the removal of an LPR from the United States if the LPR: (1) has been in lawful permanent residence for at least five years, (2) has resided in the United States continuously for at least seven years, and (3) has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a) (2006).

The Board found that Cruzaldovinos did not demonstrate prima facie eligibility for cancellation of removal because he failed to demonstrate that he was not convicted of an aggravated felony offense. It was clearly Cruzaldovinos' burden to demonstrate his eligibility for cancellation. See Salem v.

4

Holder, 647 F.3d 111, 114-15 (4th Cir. 2011), cert. denied, 132 S. Ct. 1000 (2012). This court recently reaffirmed that "the presentation of an inconclusive record of conviction . . . is insufficient to meet an alien's burden of demonstrating eligibility for cancellation of removal." Mondragon v. Holder, 706 F.3d 535, 545 (4th Cir. 2013). Given this unambiguous authority, the Board did not abuse its discretion in denying the motion to reopen because Cruzaldovinos had nothing more than an inconclusive record of conviction to demonstrate his prima facie eligibility for cancellation of removal.

In an effort to avoid this conclusion, Cruzaldovinos maintains that the Board's decision to sustain his appeal of the aggravated felony finding is what triggered his potential eligibility for cancellation of removal and thus, prior to that point, he had no reason to submit evidence to satisfy his burden of proof on cancellation. But this argument effectively ignores the crucial fact that the immigration judge found two bases for removal: Cruzaldovinos' aggravated felony conviction and his two convictions for crimes involving moral turpitude. By identifying this alternative basis for removal, Cruzaldovinos was on notice of the possibility that he could be found removable on account of his two convictions for crimes involving moral turpitude which, in turn, would reinvigorate a potential claim for cancellation of removal. The onus was thus on

5

Cruzaldovinos to present in his appeal to the Board all of his arguments to undermine both bases for removal, which would include any evidence pertaining to his eligibility for cancellation of removal. On appeal to the Board, however, Cruzaldovinos failed to challenge or even address the alternative basis for removal.

Cruzaldovinos next contends that the Board acted ultra vires by making factual determinations in conjunction with his appeal of the order of removal. This argument fails to appreciate the distinction between the Board's adjudication of the appeal of the order of removal and its consideration of the request for remand filed in conjunction with the appeal. See 8 C.F.R. § 1003.2(c)(4) (2013). To be sure, the Board may "not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv) (2013). But the regulation governing motions to reopen plainly states that whether to grant such relief is a matter reserved to the Board's discretion, 8 C.F.R. § 1003.2(a), and further authorizes the Board to assess the alien's prima facie eligibility for the relief he plans to seek. See 8 C.F.R. § 1003.2(c)(1) (discussing process for adjudicating motions to reopen and explaining that the Board should evaluate the proffered evidence to determine prima facie eligibility for the relief ultimately sought). Because this argument erroneously conflates the regulatory prohibition on Board-level

6

fact-finding in the course of an appeal and the Board's role in deciding a motion to reopen, we deny the petition for review as to this issue.

We turn, finally, to Cruzaldovinos' due process argument. Cruzaldovinos contends that, by denying his request for remand, the Board violated due process by depriving him a full and fair opportunity to seek cancellation of removal. We have jurisdiction to review this constitutional claim. See 8 U.S.C. § 1252(a)(2)(D) (2006).

It is well established in this circuit that an alien cannot predicate a due process claim on alleged infirmities in the adjudication of an application for discretionary relief. Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary"), overruled on other grounds by Dada v. Mukasey, 554 U.S. 1 (2008). The relief of cancellation of removal is entirely discretionary. 8 U.S.C. § 1229b(a); Sorcia v. Holder, 643 F.3d 117, 124 (4th Cir. 2011); see Obioha, 431 F.3d at 409 (recognizing that petitioner's due process claim, stemming from denial of motion to reopen to apply for cancellation of removal, was flawed, in part, because "an alien does not have a legal entitlement to discretionary relief"). We accordingly reject Cruzaldovinos' due process claim.

For the foregoing reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED</u>