**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-2357**

SOLOMAN TETTEH,

      Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 29, 2021              Decided: April 27, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Petition dismissed in part and denied in part by published opinion. Judge Diaz wrote the opinion, in which Judge Wilkinson and Judge Agee joined.

Bradley B. Banias, WASDEN BANIAS LLC, Mount Pleasant, South Carolina, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Linda S. Wernery, Assistant Director, Walter Bocchini, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

DIAZ, Circuit Judge:

Soloman Tetteh, a native and citizen of Ghana, was convicted of drug and firearm offenses in Georgia. The state later pardoned him, but not before the Department of Homeland Security sought to remove Tetteh based on his convictions. The Immigration Judge ("IJ") ordered his removal, and the Board of Immigration Appeals ("BIA") dismissed his appeal.

Tetteh now argues that he can't be removed for pardoned offenses. But Tetteh didn't exhaust his argument that pardoned offenses don't qualify as convictions under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq*. Moreover, a pardon waives only the removal grounds specifically enumerated in the Act, and Tetteh's pardon doesn't waive all of the removal grounds proven by the government. We thus dismiss in part and deny in part his petition for review.

I.

A.

Tetteh entered the United States as a student and overstayed his visa. While living in Georgia, Tetteh pleaded guilty to possessing cocaine with intent to distribute, possessing marijuana, and possessing a firearm in the commission of a crime. A state court sentenced Tetteh to one- and three-year terms of probation to run concurrently. It also applied the Georgia First Offender Act, Ga. Code Ann. § 42-8-60, which defers a first-time offender's judgment of guilt until he completes a probationary sentence, after which he "shall stand discharged . . . and shall be completely exonerated of guilt." A.R. 152.

2

Tetteh subsequently applied to adjust his status from temporary to permanent resident. In that application, he averred that he had "not been arrested, convicted or confined in a prison," and was not excludable on any grounds, including for being an alien "who ha[s] been convicted of a violation of any law or regulation relating to a narcotic drug or marihuana or who ha[s] been an illicit trafficker[]" in those substances. A.R. 407–08. Tetteh successfully obtained permanent resident status.

Tetteh then completed his probationary sentence, and the state of Georgia discharged his offenses.

## B.

More than twenty years later, the Department of Homeland Security matched the Georgia convictions to Tetteh and initiated removal proceedings. The government sought Tetteh's removal on four grounds: 8 U.S.C. § 1227(a)(2)(B)(i) for a controlled substance conviction, 8 U.S.C. § 1227(a)(2)(C) for a firearm conviction, 8 U.S.C. § 1227(a)(2)(A)(iii) for an aggravated felony conviction,[1] and 8 U.S.C. § 1227(a)(1)(A) for being inadmissible at the time of his status adjustment because of his controlled substance offense and because the government had reason to believe that he was an illicit controlled substances trafficker.

Tetteh conceded removability but sought a discretionary waiver of deportation, which may be granted to certain aliens with "a lawful unrelinquished domicile of seven

---

[1] An aggravated felony includes, among other offenses, illicit trafficking in a controlled substance (including a drug trafficking crime) and certain firearms offenses. *See* 8 U.S.C. § 1101(a)(43).

3

consecutive years" in the United States. 8 U.S.C. § 1182(c) (1994), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) (codified as amended in scattered sections of Titles 8 and 18). Tetteh later conceded that he wasn't eligible for a waiver, because he had not disclosed his convictions when adjusting his status and thus was not a lawful permanent resident. A.R. 404–05. Accordingly, the IJ ordered Tetteh's removal and also granted his attorney's motion to withdraw as counsel.

Tetteh then filed a pro se motion to reopen, arguing that he was eligible for a waiver after all. The IJ denied his motion, and Tetteh appealed to the BIA. While his appeal was pending, the Georgia Board of Pardons and Paroles granted Tetteh a pardon for all of his convictions. Tetteh asked the BIA to remand his case, attaching the pardon and arguing that a waiver of the removal ground for his aggravated felony conviction could make him eligible for discretionary relief, such as voluntary departure. The BIA granted that relief, and instructed the IJ on remand to determine whether Tetteh's pardon qualified as a governor's pardon, which can waive certain grounds for removal under 8 U.S.C. § 1227(a)(2)(A)(vi), and if so, what effect the pardon had on removability for his aggravated felony conviction.

## C.

On remand, Tetteh secured new counsel, and the parties stipulated that Tetteh's pardon derived from the Georgia governor's authority. Tetteh also reapplied for adjustment of status and the government moved to pretermit the application.

4

The IJ granted the government's motion (thereby denying Tetteh's application to adjust his status), determined that Tetteh was removable despite the pardon, and again ordered his removal. The IJ first explained that Tetteh's offenses are "convictions" under the Immigration and Nationality Act because they "resulted from a formal judgment of guilt entered by a court, and a judge ordered some form of punishment." A.R. 86–87 (citing 8 U.S.C § 1101(a)(48)). Next, the IJ determined that Tetteh's pardon wasn't full and unconditional because it "specifically excludes the respondent's right to receive, possess, or transport in commerce a firearm,"[2] and that a less-than-full pardon doesn't waive removability for Tetteh's aggravated felony conviction. *Id.* (cleaned up).

Alternatively, the IJ found that the pardon "does not waive [Tetteh's] remaining grounds of removability" because they aren't enumerated in 8 U.S.C. § 1227(a)(2)(A)(vi), which lists the grounds for removal that may be waived by a pardon. A.R. 88. And the IJ similarly concluded that the pardon had no impact on the separate grounds of inadmissibility that prevented Tetteh from adjusting his status.

Tetteh again appealed, but this time, the BIA dismissed the appeal. The BIA agreed with the IJ that even if the pardon was full and unconditional, Tetteh could still be removed because of his controlled substance and firearm convictions. The BIA also affirmed the IJ's denial of Tetteh's application to adjust his status, agreeing that Tetteh was inadmissible because of his controlled substance conviction and because the government had reason to

---

[2] According to the Georgia Board of Pardons and Paroles, however, Tetteh never lost his firearm rights. J.A. 50.

5

believe he was an illicit drug trafficker. In doing so, the BIA found that Tetteh had not disputed his inadmissibility based on the controlled substance conviction, and that Tetteh had thus waived that issue for purposes of adjusting his status.

This appeal followed.

## II.

Tetteh argues that (1) a pardoned offense isn't a "conviction" as defined by the Immigration and Nationality Act; and (2) a pardon waives all grounds for removal related to the pardoned offenses, not just those listed in the Act.[3] But the plain language of the relevant statutes defeats Tetteh's arguments.

## A.

When, as here, the BIA affirms an IJ's decision while adding its own reasoning, we review both decisions. *Marynenka v. Holder*, 592 F.3d 594, 600 (4th Cir. 2010). And we review the agency's legal determinations de novo. *Id*.

## B.

Before we turn to Tetteh's argument that a pardoned offense isn't a "conviction" under the Act, we must first ensure that we have jurisdiction over this issue. "A court may review a final order of removal only if the alien has exhausted all administrative remedies to the alien as of right." *See* 8 U.S.C. § 1252(d)(1). A petitioner's "failure to dispute an

---

[3] Tetteh doesn't make any separate arguments as to the agency's denial of his application to adjust his status.

6

issue on appeal to the BIA constitutes a failure to exhaust administrative remedies that bars judicial review." *Massis v. Mukasey*, 549 F.3d 631, 638 (4th Cir. 2008).

As the government observes, Tetteh never raised his argument on the definition of "conviction" to the IJ or the BIA. That would normally preclude our review, but Tetteh contends that the claim has been exhausted because the BIA addressed it. Indeed, several of our sister circuits have found exhaustion "whenever the agency has elected to address in sufficient detail the merits of a particular issue," even if the agency raised it sua sponte. *Mazariegos-Paiz v. Holder*, 734 F.3d 57, 63 (1st Cir. 2013); *see id.* (collecting cases).

But the BIA did not do so here. The BIA "conclude[d] that even if [Tetteh's] pardon was full and unconditional, [he] would remain removable as charged" for his pardoned offenses "[f]or the reasons cited by the Immigration Judge and argued by the [government] on appeal." A.R. 3. And although the IJ considered the impact of the First Offender Act on whether Tetteh's offenses "qualify as 'convictions' for immigration purposes,"[4] A.R. 73, neither the IJ nor the government addressed the effect of Tetteh's pardon on the same. Because this new claim hasn't been exhausted, we dismiss this part of Tetteh's petition.[5]

---

[4] The IJ cites to the pardon as part of this discussion, but it's clear in context that the IJ was referring to Tetteh's discharge under the First Offender Act.

[5] In any event, the claim fails on the merits. The relevant statute defines a "conviction" as:

> [A] formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has

C.

Next, we consider (and reject) Tetteh's contention that a pardon waives all grounds for removal.

8 U.S.C. § 1227(a)(2)(A)(vi) addresses when a pardon may waive a ground for removal. It specifies that "[c]lauses (i), (ii), (iii), and (iv) [of § 1227(a)(2)(A)] shall not apply in the case of an alien with respect to a criminal conviction if the alien subsequent to the criminal conviction has been granted a full and unconditional pardon . . . by the Governor of any of the several States." The four clauses, in turn, provide that an alien is deportable if convicted of (i) a crime involving moral turpitude committed within a certain time period and resulting in a sentence of one year or longer, (ii) multiple crimes involving moral turpitude committed at any time and resulting in any sentence, (iii) an aggravated felony, and (iv) high-speed flight from an immigration checkpoint.

As the text shows, Tetteh's pardon waives his aggravated felony conviction as a ground for removal, but not the other grounds.[6] And "when the terms of a statute are clear and unambiguous, our inquiry ends, and we should stick to our duty of enforcing the terms

_____

ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C § 1101(a)(48). This definition admits of no exception for pardons. Rather, the effect of a pardon is addressed in a separate provision, which provides only that a pardon waives certain conviction-based grounds for removal, and not that it vitiates an underlying conviction. *See* 8 U.S.C. § 1227(a)(2)(A)(vi).

[6] Like the BIA, we assume (without deciding) that Tetteh's pardon is "full and unconditional." A.R. 3.

8

of the statute as Congress has drafted it." *Sigmon Coal, Inc. v. Apfel*, 226 F.3d 291, 305 (4th Cir. 2000).

Resisting this logic, Tetteh argues that his pardon should waive all grounds for removal because the statute would otherwise lead to a result that would "shock the general moral or common sense." Appellant's Br. at 8 (quoting *Sigmon Coal*, 226 F.3d at 304). If waivers are limited to aggravated felonies, Tetteh says, a pardon could "absolve a foreign national of removability for illicit trafficking in controlled substances" but not "mere possession of a controlled substance violation." *Id.* at 9. He also laments that limiting the pardon waiver to the enumerated removal grounds "*de facto* eliminates the pardon provision because there will always be duplicative grounds of removability outside of § 1227(a)(2)(A) to charge the foreign national." *Id.*

But we may ignore the plain meaning of a statute only when the literal reading "produces an outcome . . . that can truly be characterized as absurd," such that it can't be what Congress intended. *Sigmon Coal*, 226 F.3d at 304. "[S]uch instances are, and should be, exceptionally rare." *Id.* While the examples Tetteh offers give us some pause, they're not so shocking as to warrant our ignoring the statutory text.[7]

Other evidence reinforces our understanding that Congress sought to limit the pardon waiver to the four enumerated categories of crimes. A pardon originally waived

---

[7] Nor are we persuaded by Tetteh's claim that sticking to the text renders the waiver redundant in all cases. For starters, simply alleging as much, without more, doesn't make it so. In any event, it is Congress's role, not ours, to decide how a pardon affects removability.

removal only for crimes of moral turpitude and aggravated felonies, which were among a handful of conviction-based grounds for removal. *See* Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4987 (1990). Congress then expanded the grounds for removal to include high-speed flight, domestic abuse, and child abuse offenses, but added only the first to the list of grounds that may be waived by a pardon. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).

The BIA subsequently interpreted the pardon waiver to apply only to the enumerated crimes. *See Matter of Suh*, 23 I. & N. Dec. 626, 628 (BIA 2003) (concluding that there's "no legally supportable basis for inferring that a waiver is available where the statute so clearly states which removal grounds may be waived."). And Congress has since included failure to register as a sex offender as an additional ground for removal but hasn't specified that it may be waived by a pardon. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 401, 120 Stat. 587 (2006).

In short, each time Congress has considered the effect of a pardon on removability, it has declined to grant a blanket waiver. The BIA has honored that legislative edict, and we are bound to do the same. We hold that the plain language of § 1227(a)(2)(A)(vi) limits the pardon waiver of removability to the grounds listed in the statute.[8] Tetteh's pardon

---

[8] This is consistent with the holdings of our sister circuits. *See Aristy-Rosa v. Att'y Gen.*, No. 20-2105, 2021 WL 981490, at *2 (3d Cir. March 16, 2021) ("[U]nder the plain text of § 1227, [the petitioner's] pardon eliminated the aggravated felony ground for his removal but not the controlled substance ground."); *see also Aguilera-Montero v. Mukasey*, 548 F.3d 1248, 1252, 1253–54 (9th Cir. 2008) (explaining that the pardon waiver is

10

accordingly forecloses his removal for his aggravated felony conviction, but not for his controlled substance and firearm convictions.

*　　*　　*

For these reasons, we dismiss in part and deny in part Tetteh's petition for review.

*PETITION DISMISSED IN PART; DENIED IN PART*

---

"limit[ed] . . . to the enumerated crimes" for deportable aliens and that there's no similar waiver for inadmissible aliens); *Balogun v. Att'y Gen.*, 425 F.3d 1356, 1362 (11th Cir. 2005) ("Section 1182 [for inadmissible aliens] does not have a pardon provision like section 1227 [for deportable aliens] does, and we believe that if Congress had intended to extend the pardon waiver to inadmissible aliens, it would have done so.").