13-1487
Terreros-Terreros v. Lynch

BIA
Straus, IJ
A089 013 405

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge*,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges*.

_____

LEANDRO REINERIO TERREROS-TERREROS,
        *Petitioner*,

        v.                                    13-1487
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:           H. Raymond Fasano, New York, New
                          York.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney
                          General; Nancy E. Friedman, Senior
                          Litigation Counsel; Virginia Lum,
                          Trial Attorney, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Leandro Reinerio Terreros-Terreros, a native and citizen of Ecuador, seeks review of a March 29, 2013, decision of the BIA, affirming the April 11, 2012, decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Leandro Reinerio Terreros-Terreros*, No. A089 013 405 (B.I.A. Mar. 29, 2013), *aff'g* No. A089 013 405 (Immig. Ct. Hartford Apr. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chen*, 417 F.3d at 271.

A. Asylum

Terreros-Terreros fails to challenge the agency's pretermission of his asylum application as untimely in his brief to this Court. *See* 8 U.S.C. § 1158(a)(2)(B); *Zhang v.*

2

*Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived). Accordingly, he has waived any challenge to the agency's denial of asylum.

B. Withholding of Removal and CAT

Here, the IJ found that, even if Terreros-Terreros had been able to establish past persecution on account of a protected ground, his claim would fail because he could safely relocate within Ecuador as he had lived in Quito for a month without incident. The agency's regulations provide that "an immigration judge . . . shall deny the asylum application of an alien found to be a refugee on the basis of past persecution if . . . [t]he applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(1)(i); *see also Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). The BIA found that Terreros-Terreros failed to challenge this dispositive finding on appeal.

We have never held that a petitioner is limited to the "exact contours" of his argument to the agency. *Gill v.*

3

*INS*, 420 F.3d 82, 86 (2d Cir. 2005).  On the contrary, we have held that 8 U.S.C. Section 1252(d)(1) does not prevent us from considering "specific, subsidiary legal arguments, or arguments by extension," even if those arguments were not presented below. *Gill*, 420 F.3d at 86; *see Restrepo v. McElroy*, 369 F.3d 627, 633 n.10 (2d Cir. 2004); *Drax v. Reno*, 338 F.3d 98, 112 n.19 (2d Cir. 2003).  In determining which arguments constitute "issues," which must be exhausted, and which constitute "subsidiary arguments," which do not, we examine whether an unexhausted argument "constitutes a ground, in and of itself, on which an IJ's denial of [relief] may be based." *See Steevenez v. Gonzales*, 476 F.3d 114, 117-118 (2d Cir. 2007).  Accordingly, when a petitioner fails to challenge the IJ's finding that he could relocate safely within his country, we decline to consider that unexhausted argument because, on its own, internal relocation is a proper basis for a denial of relief.  *Id.*

Here,  Terreros-Terreros argued before the BIA that he "could not escape" participating in the gang, "could not secure any protection from the Ecuadorian government," and noted that there was widespread "corruption within the country."   Terreros-Terreros also stated in the conclusion

4

that he was "unable and unwilling to return" to Ecuador because of his fear. The BIA reasonably deemed these statements insufficient to challenge the IJ's internal relocation finding.

In addition, the BIA found that Terreros-Terreros failed to challenge the denial of CAT relief in his counseled brief, and deemed it waived. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of CAT relief. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk