Chen v. Garland

BIA
Laforest, IJ
A206 797 907

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of January, two thousand twenty-two.

PRESENT:
            DEBRA ANN LIVINGSTON,
                 *Chief Judge,*
            MICHAEL H. PARK,
            STEVEN J. MENASHI,
                 *Circuit Judges.*

_____

MEI-ZHEN CHEN,
            *Petitioner,*

            v.                                    20-1160
                                                  NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:           Farah Loftus, Sherman Oaks, CA.

FOR RESPONDENT:           Jeffrey Bossert Clark, Acting
                          Assistant Attorney General;
                          Russell J. E. Verby, Senior

Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Mei-Zhen Chen, a citizen of the People's Republic of China, seeks review of a March 11, 2020, decision of the BIA affirming a May 22, 2018, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei-Zhen Chen*, No. A206 797 907 (B.I.A. Mar. 11, 2020), *aff'g* No. A206 797 907 (Immig. Ct. N.Y. City May 22, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified by the BIA, i.e., minus the IJ's burden finding that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary."). "[W]e review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Id.* (internal quotation marks omitted).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or

3

any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Substantial evidence supports the agency's determination that Chen was not credible as to her claim that police in China hit her for passing out religious flyers and that she fears future persecution on account of her religious practice.

The IJ did not err in relying on Chen's evasive and unresponsive demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is supported by the record, which shows that she was evasive and unresponsive to questions about where her church gatherings were held in China, why police had arrested others but not her, and why her husband's letter was inconsistent with her testimony regarding the number of her interactions with police. We afford "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," as

4

the determination was here. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

The IJ's demeanor finding and the adverse credibility determination as a whole are further supported by Chen's inconsistent evidence regarding how many interactions she had with police, how many individuals distributed flyers with her, and what happened to those individuals. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Chen did not compellingly explain these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks omitted). While "even a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible," the "[m]ultiple inconsistencies" here "so

5

preclude even more forcefully." *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020).

The agency was separately entitled to rely on Chen's failure to provide reliable corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Zou v. Garland*, No. 19-2003, 2021 WL 4097775, at *1 (2d Cir. Sept. 9, 2021) ("Even absent an adverse credibility determination, a lack of corroboration may be an independent basis for the denial of relief."). The agency reasonably declined to credit a witness's testimony given inconsistencies with Chen's testimony. And the agency was not compelled to credit an unsworn form reporting how many times Chen had attended church or her certificate of baptism. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is

6

supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen has therefore not shown that the agency erred when it denied her application for asylum and we deny the petition for review insofar as it challenges the agency's asylum determination.

We further hold that Chen's claims for withholding of removal and relief under the CAT are not properly before us and dismiss the petition for review with respect to those claims. The BIA concluded that because Chen had not "specifically or meaningfully challenged the Immigration Judge's determinations that she did not provide sufficiently credible testimony or corroborative evidence to carry her burden of proving her eligibility for withholding of removal" nor had she "specifically or meaningfully challenged the determination that she was not eligible for protection under the Convention Against Torture," those "unchallenged issues are not preserved" and are therefore waived. Cert. Admin. R. 3 (citing *Matter of R-A-M-*, 25 I & N Dec. 657, 658 n.2 (BIA 2012)). Additionally, Chen's notice of appeal to the BIA mentioned only her request for asylum, *id.* at 41, and her brief to the BIA requested only that the BIA "find that [Chen] should qualify for asylum," *id.* at 20. We therefore may not

7

review the unexhausted claims for withholding of removal and CAT relief. *See Karaj v. Gonzales*, 462 F.3d 113, 120-21 (2d Cir. 2006) (holding that the applicants' "failure to seek review of the CAT claim deprives us of jurisdiction"); *see also Morales-Espania v. Lynch*, 651 F. App'x 40, 42 (2d Cir. 2016) (dismissing claims for asylum and CAT relief because "where a petitioner has failed to raise a category of relief in his brief to the BIA, we are without jurisdiction to consider any challenge to the denial of that relief"); *Terreros-Terreros v. Lynch*, 638 F. App'x 103, 105 (2d Cir. 2016) (holding that, because "the BIA found that Terreros-Terreros failed to challenge the denial of CAT relief in his counseled brief, and deemed it waived," we were "without jurisdiction to consider any challenge to the denial of CAT relief").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8