**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OSWALDO NOE ZEPEDA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 21-9570
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **EID**, Circuit Judges.
_____

Oswaldo Noe Zepeda, a native and citizen of El Salvador, seeks review of a

decision by the Board of Immigration Appeals (BIA) that dismissed his appeal from

an order entered by an Immigration Judge (IJ). We dismiss the petition for review in

part for lack of jurisdiction and otherwise deny the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.  Background

Zepeda entered the United States in 2013 without valid entry documents.  He applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

To support this application, Zepeda testified that he first entered the United States in 2004 but returned to El Salvador in 2012.  About a year later, individuals purporting to be members of the Mara Salvatrucha gang called him and threatened to kill him and his family if he did not accede to their extortion demands.  "He testified . . . that he believes that they were targeting him because he has a nice house that is constructed of far more sustainable materials such as concrete blocks . . . ."  Admin. R. at 72.  A neighbor told Zepeda he had seen people with guns roaming around Zepeda's house.

Instead of paying the gang, Zepeda fled with his daughter and her mother to live with relatives "about three hours away by car."  *Id.* at 73.  He left for the United States a few days later and never heard from the gang again.

Zepeda also testified that members of the gang had shot his brother in 2006 or 2007 and had later attacked his brother with a machete.  After these attacks his brother moved and has not been harmed since.  Zepeda does not believe the threat he received related to the attacks on his brother.

Zepeda further stated that the mother of his daughter received threats from the gang.  But he testified that "as far as he knows, that [threat] did not have anything to

2

do with his threat." *Id.* And Zepeda said that nobody else in his family has been threatened because of him.

The IJ denied Zepeda's application. On Zepeda's asylum claim, the IJ found Zepeda had not suffered past persecution because the threat Zepeda received did not rise to the level of persecution as a matter of law. The IJ further found Zepeda did not prove that he espoused any political opinion that led to past persecution or might lead to future persecution. And the IJ found Zepeda did not establish any "nexus" between the past harm suffered by himself or his brother and their membership in any proffered social group. *Id.* at 83. The IJ therefore concluded Zepeda failed to "establish[] past persecution because he was not persecuted on account of his membership in a particular social group or his political opinion," and did not "establish that a reasonable person in his circumstances would objectively fear persecution on account of his political opinion or membership in a particular social group on return to El Salvador." *Id.* at 83–84.

The IJ denied Zepeda's request for withholding of removal based on these findings because "[t]he requisite burden of proof to establish withholding of removal is higher than that required for asylum." *Id.* at 85 (citing *Unareroro v. Gonzales*, 443 F.3d 1197, 1202 (10th Cir. 2006)).

On Zepeda's CAT claim, the IJ found Zepeda "did not provide any evidence, and thus, has not established that he will more likely than not be tortured upon his return to El Salvador." *Id.* And the IJ found Zepeda did "not allege that he fears torture by or with consent, with acquiescence of any public official or person acting

3

in an official capacity of the government of El Salvador." *Id.* at 86.  The IJ therefore found he had "not established eligibility for relief under the CAT." *Id.*

Zepeda appealed to the BIA, arguing in less than two pages that the IJ should have considered the attacks on his brother when deciding whether he had suffered past persecution, and that the IJ erred by concluding he was not a member of a social group entitled to protection via asylum.  The BIA dismissed Zepeda's appeal in a single member's brief order under 8 C.F.R. § 1003.1(e)(5).  It "adopt[ed] and affirm[ed] the Immigration Judge's decision for the reasons stated therein."  Admin. R. at 3.  It then explained why Zepeda had "not raised any persuasive arguments on appeal," noting "the threat [Zepeda] received does not amount to past persecution," and rejecting Zepeda's arguments that he belonged to a social group entitled to protection via asylum.  *Id.* at 3–4.

## II.  Discussion

"We review the BIA's legal conclusions de novo.  And we review its findings of fact under a substantial-evidence standard.  Under this standard, the BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Takwi v. Garland*, 22 F.4th 1180, 1184 (10th Cir. 2022) (brackets, citations, and internal quotation marks omitted).

Zepeda makes five arguments.  We lack jurisdiction to consider two of them because he did not present them to the BIA.  And the remaining three do not challenge dispositive findings.

4

## A.  Unexhausted Arguments

Zepeda argues on appeal that (1) the IJ erred by finding he did not present any evidence he held a protected political opinion, and (2) the IJ erred by rejecting his CAT claim.

The government argues we lack jurisdiction to consider these arguments because Zepeda did not present them to the BIA.  *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .").

Zepeda presents three counterarguments.  First, he asserts that he made his appellate arguments to the BIA.  Regarding his political opinion argument, he maintains "his attorney argued [to the BIA] that [he] feared persecution on account of his family's resistance to gang activity, which in this context is actually a political opinion."  Pet'r Opening Br. at 24.  But Zepeda does not provide a record citation showing he made this supposed argument to the BIA, and in our independent review of the record of the proceedings before the BIA we could not find any similar argument.  Regarding his CAT argument, Zepeda asserts his "attorney articulated that [he] was appealing the IJ's decision regarding CAT eligibility," though he concedes his CAT argument was "poorly articulated on appeal" to the BIA.  *Id.* at 33.  But Zepeda's brief filed with the BIA only mentioned his CAT claim in passing and did not advance any argument specific to his CAT claim, including the legal theory he seeks to advance in this court—namely, "that the IJ erred as a matter of law and fact in finding that Zepeda produced no evidence in support of his claim for CAT

5

protection," *id.* at 35. Zepeda therefore did not exhaust this argument either. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("To satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court.").

Second, Zepeda argues the BIA abused its discretion by failing to consider the arguments he advances in this court but did not advance before the BIA. But Zepeda does not cite any authority supporting the proposition that the BIA abuses its discretion by failing to consider an argument not presented to it. *Cf. Matter of R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (B.I.A. 2012) (holding an alien "waived" an issue where the alien "did not appeal the Immigration Judge's decision regarding that aspect of his claim").

Third, Zepeda argues that even if he did not exhaust the arguments he seeks to present to this court, the BIA did it for him. He cites two out-of-circuit cases for the proposition that "where the [BIA] cites to *Matter of Burbano* to adopt and affirm an IJ decision, exhaustion on appeal is not required if the issue was raised before the IJ, because the [BIA] is presumed to have reviewed the entire record if adopting the IJ's findings." Pet'r Reply Br. at 9 (citing *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008) and *Pasha v. Gonzales*, 433 F.3d 530, 532–34 (7th Cir. 2005)). This circuit's "'*sua sponte* exhaustion' rule, however, is a narrow one." *Garcia-Carbajal*, 625 F.3d at 1235. "To qualify for it, the BIA must: (1) clearly identify a claim, issue, or argument not presented by the petitioner; (2) exercise its discretion to entertain that matter; and (3) explicitly decide that matter in a full

explanatory opinion or substantive discussion." *Id.* "Only then may a petitioner take an argument to court that he never pursued before the BIA." *Id.*

The BIA did not exercise its discretion to entertain the arguments Zepeda wants to make in this court. It instead stated Zepeda had waived any arguments related to his political opinion or CAT claim by failing to raise them. *See* Admin. R. at 3–4. The sua sponte exhaustion doctrine therefore does not apply.

We do not consider the arguments that Zepeda did not present to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Garcia-Carbajal*, 625 F.3d at 1237.

## B.  Unchallenged Findings

"To qualify for asylum, a noncitizen must demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Addo v. Barr*, 982 F.3d 1263, 1269 (10th Cir. 2020) (internal quotation marks omitted). For the persecution to be on account of a protected ground, the alien must show the protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). "The reason cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Aguilar v. Garland*, 29 F.4th 1208, 1211–12 (10th Cir. 2022) (internal quotation marks omitted).

Zepeda challenges the BIA's findings that he did not suffer past persecution and that he failed to establish membership in a cognizable particular social group. But Zepeda's opening brief fails to challenge the IJ's finding that he did not show the requisite nexus between his alleged persecution and his alleged membership in a

particular group or political opinion.  The government contends this failure is fatal to his

assertion the BIA erred by denying his asylum and withholding of removal claims.[1]

Zepeda responds by arguing that the BIA did not adopt the IJ's nexus findings.

We are not persuaded.

The BIA stated that it "adopt[ed] and affirm[ed] the Immigration Judge's

decision for the reasons stated therein."  Admin. R. at 3.  And it then moved on to

address and reject Zepeda's "arguments on appeal."  *Id.*  It supported its

incorporation of the IJ's reasoning with a citation to *Matter of Burbano*, 20 I. & N.

Dec. 872, 874 (B.I.A. 1994), which notes that "such summary treatment of a case

does not mean that [the BIA] conducted an abbreviated review of the record or . . .

failed to exercise [its] own discretion."  "Rather, [such summary treatment] is simply

a statement that the [BIA]'s conclusions upon review of the record coincide with

those which the immigration judge articulated in his or her decision."  *Id.*

Zepeda nonetheless contends that when the BIA rejected his "attempt to

narrow," on appeal to the BIA, his proposed social group of individuals "who [were]

in the United States before returning to El Salvador and will be perceived as wealthy"

"by limiting the group to his family," Admin. R. at 4, the BIA "reversed the IJ's

finding that Zepeda's family-based [particular social group] was cognizable," Pet'r

Reply Br. at 14.  And from this premise, Zepeda argues the BIA therefore must not

---

[1] Zepeda does not challenge the IJ's conclusion that because he failed to meet his burden to show an asylum claim, he necessarily failed to establish his claim for withholding of removal.

have considered the IJ's finding that he failed to show a nexus between the harm he and his brother suffered and their membership in the same family—after all, the BIA would not have needed to review those findings if it found Zepeda was not a member of a cognizable particular social group.

We reject this argument because we take the BIA at its word—it "adopt[ed] and affirm[ed] the Immigration Judge's decision for the reasons stated therein." Admin. R. at 3; *see also Batalova v. Ashcroft*, 355 F.3d 1246, 1252 (10th Cir. 2004) ("Absent any indication to the contrary, we presume BIA members do their job thoroughly."). And because Zepeda does not contest the IJ's findings that he failed to establish the requisite nexus between his alleged past or future harm and his political opinion or membership in any particular social group, we deny his petition for review as it relates to his claims for asylum and withholding of removal. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) (holding that a failure to challenge an agency finding that is an independently sufficient basis for the denial of relief forecloses success on appeal regardless of the merits of an alternative ground).

### III.  Conclusion

We dismiss the petition for review in part for lack of jurisdiction and otherwise deny the petition.

Entered for the Court

Allison H. Eid
Circuit Judge

9